IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-379-FL

| | |
|---|---|
| SHARON MERCER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF TRANSPORTATION, et al., )<br>)<br>Defendants. ) | **ORDER ON BILL OF COSTS** |

On February 28, 2011, the court granted in part and denied in part defendants' motion for summary judgment [D.E. 39]. Plaintiff's surviving claims were presented to a jury, and on August 18, 2011, the jury returned a verdict in defendants' favor [D.E.61]. On September 1, 2011, defendants filed an application for costs [D.E. 64]. Pursuant to 28 U.S.C. §1924, defendants provided a supporting affidavit, receipts and invoices verifying the requested costs. On September 15, 2011, plaintiff responded in opposition [D.E. 65]. On September 20, 2011, defendants filed a reply [D.E. 66]. The matter is ripe for determination.

Defendants seek costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing party in this action. Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1). In her response, plaintiff asserts that costs may be recovered in a civil-rights action only if the prevailing defendant demonstrates that plaintiff's suit was "frivolous, totally unfounded or otherwise unreasonable." Pl.'s Mem. Supp. Mot.

Disallowance 1 [D.E. 65-1]. However, "[m]ost circuits, including [the Fourth Circuit], have rejected the argument that an unsuccessful Title VII plaintiff's good faith in bringing the suit will likewise shield her from being taxed with her opponent's costs." Keeshan v. Eau Claire Coopertive Health Ctrs. Inc., 394 F. App'x 987, 998 (4th Cir. 2010) (per curiam); see also Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). As the prevailing party, defendants are entitled to recover costs. Accordingly, plaintiff's motion to disallow costs entirely is denied [D.E. 65].

Federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Defendants originally requested a total of $871.79 to be taxed against plaintiff. Bill of Costs 1 [D.E.64]. Plaintiff responded, asking that defendants' award be reduced by $532.29 as outside the scope of costs [D.E. 65]. In reply, defendants acknowledge that their initial request included non-taxable costs under Local Civil Rule 54.1 and modified their application [D.E. 66]. Specifically, defendants no longer request costs for half of the mediator's fee in the amount of $310.50, $63.33 in mileage for counsel to attend mediation, and counsel's $12.00 parking expenses on the day of trial. See Defs.' Reply 1-2. Thus, defendants' initial application for costs is reduced by a total of $385.83.

Defendants request $339.50 in court reporter fees and deposition transcript costs. Under 28 U.S.C. § 1920(2), fees for the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case may be recovered. See also LaVay Corp. v. Dominion Fed. Sav. & Loan Assoc., 830 F.2d 522, 528 (4th Cir. 1987). However, fees for postage or shipping and copies of exhibits are not taxable costs under 28 U.S.C. § 1920, and therefore defendants' request is reduced by $15.50. See also Local Civil Rule 54.1(c)(1)(a). Defendants are awarded $324.00 in

2

deposition and transcript costs. See 28 U.S.C. § 1920(2).

Next, defendants seek $134.46 in mileage expenses paid to Phillip Shehdan, a witness. Mr. Shehdan traveled 120 miles roundtrip from Rocky Mount to Raleigh on June 30, 2010, to meet with counsel prior to trial. This witness also traveled 132 miles roundtrip from Rocky Mount to Raleigh on August 17, 2011, to testify at trial. In addition to mileage, defendants seek $12.00 for parking expenses incurred by Mr. Shehdan on the day of trial and provided a valid parking receipt in support of the request. Under 28 U.S.C. §1821(a)(1), a witness may be paid for attendance at court or for a deposition. The statute does not address payment of travel expenses for a witness incurred in connection with trial preparation. Defendants' request for $61.20 in travel expenses for Mr. Shehdan on June 30, 2011, is disallowed. Defendants are allowed $73.26 in travel and $12.00 in parking expenses for Mr. Shehdan to testify at trial on August 17, 2011. See 28 U.S.C. §§ 1821(a)(1), (c)(2)-(3).

In summary, as the prevailing party, defendants are awarded $324.00 in deposition and transcript costs, $73.26 in mileage expenses, and $12.00 in parking expenses under 28 U.S.C. § 1821 and 28 U.S.C. § 1920. Defendants' total award of costs in the amount of $409.26 is taxed against plaintiff Sharon A. Mercer and included in the judgment. All other requests not referenced in this summary are disallowed.

SO ORDERED. This 7th day of September 2012.

*Julie A. Richards*
Julie A. Richards, Clerk of Court

3